The Chancellor.
The master was wrong in sustaining the second exception to the answer.
The bill alleges that the complainant, by virtue of the execution in his hands, levied upon the goods and chattels and personal estate of the said A. J. Brown, then in his possession. This allegation the defendants were bound to answer, not merely affirmatively or negatively, but circumstantially. It was fairly within the scope of a fair and ingenuous answer to the charge for the defendants, if they denied that the property wTas Brown’s, to state whose it was. And when the hill further charges, that the property was in the possession of Brown, the defendants were not confined merely to admitting or denying the fact, but if admitting it, were at liberty, but perhaps bound to state the circumstances of the possession. The question is not, how far all this may be material to the real issue ? If a defendant submits to answer, the general rule is, he is bound to answer every immaterial, as well, as material statement of the bill. This part of the answer, so far from being impertinent, appears to me pertinent and proper.
Third exception. This exception, as far as it relates to the recital of pleadings in the Supreme and Circuit Courts, was properly sustained by the master; but not as to what the exception characterizes “aslong digressions and conversations in regard to the giving the bond.” This part of the answer relating to the giving of the bond is proper, for the reasons which I shall give in differing from *268 the master in his report upon the next, and. fourth exception.
Fourth exception. The defendants admit the mistake in the bond, but they set up and allege that the bond was procured from them by fraud, and they set out at large and circumstantially the alleged fraud.
If the defendants could set up fraud, it was necessary they should set it out circumstantially, or else it would avail them' nothing. The master takes the broad ground, that the defendants could not set up fraud at all. The bill alleges, that on a certain day, the defendants executed to the complainant their joint and several bond; that in the execution of the bond, a mistake was made, which will embarrass -or defeat a recovery at law. The bill asks relief, and that the mistake may be corrected. "Why may not the defendants set up, as a defence against the complainant’s right to relief, that the bond was procured by fraud ? Ought this court to grant a party relief as to any matter in which he is a fraud doer ? The master says the bill is filed to correct a mistake in a sealed instrument as to the time of docketing a judgment in the Supreme Court, and to restrain the defendants from taking advantage of the mistake in certain suits at law, and for no other purpose. True this is the only purpose. But ought the 90m-plainant to have his purpose answered, if the defendants can show that the bond in which the mistake occurred was fraudulently procured by the complainant ? Ought the court to make such a bond good, so that the complainant may enforce it at law ?
The master further says, “that when a suit is commenced in a court of law having full jurisdiction of the matter, with full power to try and determine the right of property, and the question of fraud involved in said suit, the Court of Chancery would not interfere, and take jurisdiction of the case, especially when not called upon so to do by either party, and that the Court of Chancery should only correct the mistake, and restrain the defendants from taking advantage of the same.”
*269 The Court of Chancery has now jurisdiction of the cause at the solicitation of the complainant. True, the complainant commenced his suit in a court of law, and that court may try the fraud, if the defendants set it up as a defence. The complainant has filed his hill here, not to recover his money on the bond, but to correct the mistake. He calls upon the defendants to answer why the mistake should not be ¡corrected. They answer, because the bond was procured fraudulently. It is a good answer, and a good defence to the relief. It would be gross injustice for this court to make a decree against the defendants, and in favor of a wrongdoer, if the bond was fraudulently procured. The defendants may set up, at law, the defence of fraud against the complainants recovering the money due on the bond. They may set up, in this court, the fraud when the complainant is seeking to correct a mistake in the instrument, in order to make the instrument available as a legal one. If the bond was procured by fraud, a court of equity ought not to help the complainant in his suit at law. The fourth exception was not well taken, and I think the master erred in sustaining it.
Fifth exception. This exception was properly sustained by the master.